UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KYLA THURSTON,**<br>         Plaintiff,<br><br>    v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br>         Defendant. | Civil Action No. 24-2824 (JDB) |

### MEMORANDUM ORDER

The Washington Metropolitan Area Transit Authority (WMATA) requested discovery related to Thurston's mental health records. Thurston objected, invoking the psychotherapist-patient privilege. The parties disagree about whether Thurston has waived privilege by placing her mental health at issue in this litigation by claiming emotional damages. The parties briefed their positions and presented them before the Court. The Court now holds that Thurston has not waived privilege by seeking damages for emotional distress.

### LEGAL STANDARD

In <u>Jaffee v. Redmond</u>, the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure . . . ." 518 U.S. 1, 15 (1996). "Like other testimonial privileges, the patient may of course waive the protection." <u>Id.</u> at 15 n.14. The standard for determining waiver in the D.C. Circuit is by "analogizing the psychotherapist-patient privilege to the attorney-client and spousal privileges." <u>Koch v. Cox</u>, 489 F.3d 384, 390 (D.C. Cir. 2007). For example, much like with attorney-client privilege, a party waives psychotherapist-patient privilege when they sue the practitioner for malpractice, base a claim or defense upon the practitioner's advice, or

1

selectively disclose part of a privileged communication to gain advantage in litigation. Id. at 390. Importantly, the waiver determination is not subject to "balanc[ing] the need for the relevant information" against "the invasion of a patient's privacy" that discovery would cause. Id. at 389–90. And "a plaintiff does not put his mental state in issue merely by acknowledging he suffers from [a mental condition] for which he is not seeking recompense; nor may a defendant overcome the privilege by putting the plaintiff's mental state in issue." Id. at 391.

Some judges in this district have evaluated waiver using a set of five factors from Turner v. Imperial Stores, 161 F.R.D. 89 (S.D. Cal. 1995). See, e.g., St. John v. Napolitano, 274 F.R.D. 12, 19–20 (D.D.C. 2011). The Turner court held that a plaintiff puts their mental state at issue, thereby waiving privilege, when they plead "(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) [or offer] expert testimony to support a claim of emotional distress; and/or (5) [offer the] concession that his or her mental condition is in controversy. . . ." Turner, 161 F.R.D. at 95 (citation modified). The D.C. Circuit has not adopted this test, but the Turner factors may be helpful insofar as they track the types of circumstances when attorney-client privilege or spousal privilege might also be waived, such as by offering expert testimony on a privileged issue (factor 4).

## ANALYSIS

Thurston has not waived privilege because she has not put her mental health diagnosis and treatment at issue. As an initial matter, Thurston has not "base[d] a claim or defense upon [a therapist's] advice." Koch, 489 F.3d at 390. She asserts claims for negligence and vicarious liability, not intentional or negligent infliction of emotional distress. Although Thurston does seek emotional distress damages, her asserted entitlement does not rely upon a psychiatrist's treating

2

statement. Nothing in her complaint hinges on a specific mental health diagnosis like depression on anxiety. Nor is there any reason to believe that her asserted injuries are grounded in an theory of emotional distress that will necessarily require her to rely on treating statements. To the contrary, her complaint only includes two anodyne references to emotional distress. Compl. ¶¶ 46, 54. And during the October 15, 2025, conference, Thurston's counsel disclaimed any argument that Thurston suffered "severe" emotional distress.

Importantly, there is no indication that Thurston seeks to "selectively disclose" confidential communications to impermissibly "gain an advantage in litigation." Koch, 489 F.3d at 390. Attorney-client and spousal privilege can be waived when a litigant seeks to use privilege as both "a sword and as a shield" by disclosing privileged communications and then preventing their opponents from examining related materials. Id. (citation modified). That is not the case here. Thurston does not allege any specific mental health diagnosis caused by WMATA's behavior that would rely on a treating therapist's communication. Quite the opposite, the types of emotional damages she alleges that she suffered are "isolation, anger, humiliation, fright, and anguish," which are not the province of any specialized expertise. Compl. ¶¶ 46, 54. And during the October 15, 2025, conference, Thurston's counsel disclaimed any intent to use treating records or introduce any experts related to her mental health. See St. John, 274 F.R.D. at 20 (finding no waiver of privilege where the plaintiff did not assert a cause of action for emotional distress and indicated he would not offer expert testimony or rely on medical records as evidence of emotional distress).

Likewise, none of the Turner factors apply to Thurston. She does not (1) plead a cause of action for intentional or negligent infliction of emotional distress. She does not (2) allege a specific mental or psychiatric injury or disorder. She does not (3) claim unusually severe emotional distress. WMATA argues that Thurston pleads "ongoing" emotional distress, but this ordinary-

course language is not enough to waive privilege, especially when Thurston has clarified that she does not seek damages for "severe" emotional distress, her arguments do not involve a specific mental health diagnosis, and she will not rely on confidential communications in making her case. See St. John, F.R.D. at 20 (finding plaintiff's emotional damages not "severe" when plaintiff alleged "humiliation, embarrassment, emotional distress, economic loss, and deprivation of his right to equal employment opportunity."). Finally, Thurston will not (4) offer expert testimony on emotional distress and has not (5) conceded that her mental health is in controversy.

WMATA asks this Court to conclude that Thurston's mental health records are so intertwined in her case that they are nevertheless at issue. It argues that Thurston has seen several therapists since the accident and that those records are necessary for WMATA to mount a viable defense to any emotional damages claim. The Court is mindful that overbroad constructions of evidentiary privileges risk tying litigants' hands, thereby "derogat[ing] the search for truth." United States v. Nixon, 418 U.S. 683, 710 (1974). But that is not the case here. For one, WMATA's rule would "eviscerate the privilege," Koch, 489 F.3d at 390, by allowing for discovery whenever a litigant pleads ongoing emotional harm (as they often do). For another, WMATA overstates their disadvantage because Thurston has committed to not using her mental health records as a sword, by introducing mental health experts or otherwise disclosing confidential communications. WMATA can litigate emotional distress just as any other defendant in the absence of confidential communications—for example, by conducting depositions, making arguments about causation, and presenting a narrow theory about the reasonable scope of emotional harm. And finally, WMATA's argument fails because it boils down to a request that the Court conduct impermissible balancing of WMATA's need for the information against Thurston's privacy interest. The Supreme Court and D.C. Circuit are clear that the bare fact that

4

the records are relevant to potential defense strategies is not enough to waive the privilege. See Koch, 489 F.3d at 390 (citing Jaffee, 518 U.S. at 17).

## CONCLUSION

Thurston has not waived the psychotherapist-patient privilege by seeking damages for emotional distress. Her complaint reflects garden variety emotional distress claims, and she does not allege any mental health diagnosis or intend on introducing experts to testify regarding her mental health status. The Court will be watchful that Thurston hews to her representations and does not impermissibly deploy her mental health history as both a sword and a shield as litigation continues. But without more to suggest that Thurston will, for example, base her claims on privileged treatment-related statements or selectively disclose mental health records, the D.C. Circuit's standard for waiver is not met.

/s/
JOHN D. BATES
United States District Judge

Dated: October 15, 2025